(July 23, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DERDELINGHEN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Traficanti, Jr., J.), rendered February 2, 1984, upon a verdict convicting defendant of the crimes of arson in the third degree and burglary in the second degree.

On June 21, 1983 at approximately 2:00 A.M., a house owned by Robert Weinstein in the Town of Fallsburg, Sullivan County, was completely destroyed by fire. Defendant was subsequently indicted in connection with the fire on charges of arson in the third degree and burglary in the second degree.

At the ensuing jury trial, two of defendant's friends were called by the People to testify. Shelby Kalabro and Daenine Sayles both testified that defendant told them, on separate occasions, that he had set the fire in Weinstein's house. Kalabro further testified that defendant arrived at her house in the early morning hours of June 21, 1983 smelling of burned wood and gasoline. Sayles testified about the method defendant described to her that he used to start the fire. She related how defendant stated that he had kicked in the front door, spread gasoline throughout the house and then lit the fire in a bedroom. This testimony was fully consistent with the testimony of the arson investigator, Harold Glass, who stated that his investigation revealed that the fire had been started in a bedroom, that an accelerant had been used and that the front door had been broken open at the time of the fire. Further testimony established defendant's motive, i.e., Weinstein owed him money, and that defendant was looking rather intensively for Weinstein shortly before the fire. Defendant did not offer any evidence on his own behalf.

The jury found defendant guilty of both of the crimes with which he was charged. He was subsequently sentenced to two concurrent indeterminate prison terms of 3 to 9 years. Defendant appeals, asserting that numerous alleged trial errors deprived him of a fair trial and that he was denied effective assistance of counsel.

No objections were made at trial to the errors defendant now asserts deprived him of a fair trial. Accordingly, those issues were not properly preserved for appellate review (CPL 470.05 [2]; *People v Paige,* 120 AD2d 808, 810, *lv denied* 68 NY2d 772). However, even if we were to consider defendant's contentions in the interest of justice, they would not merit reversal. A defendant is entitled to a fair trial, not a perfect

one *(Bruton v United States,* 391 US 123, 135; *Lutwak v United States,* 344 US 604, 619). The alleged bolstering testimony of Kalabro and Sayles consisted of their acknowledgment that they made previous statements to investigators. The contents of these statements, however, were not revealed to the jury. While this evidence should not have been received since the witnesses' testimony had not been assailed as a recent fabrication *(see, People v Davis,* 44 NY2d 269, 277), its prejudicial effect was minimal. While further error was made in the prosecutor's remarks about defendant's character during his summation, the overwhelming proof of defendant's guilt rendered this error, whether considered singularly or cumulatively with the other alleged errors, harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Defendant's final argument, that he was denied effective assistance of counsel, is meritless. In support of this contention, defendant points to his counsel's failure to make certain objections at trial. Review of the record reveals that many of the errors which defendant claims his attorney did not act upon were not errors. Defendant's counsel did make numerous timely objections which resulted in certain evidence being excluded from the jury's consideration. Reviewing the totality of the circumstances at the time of the representation, we cannot conclude that defendant was not afforded meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.